Bill **ATKINS** et al., Relators,

v.

Nancy Y. **SNYDER** et al., Respondents.

No. 18317.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 28, 1980.

---

Atkins & McLarty, Arlington, for relators.

Weldon Parkhill, Grand Prairie, for respondents.

## OPINION

SPURLOCK, Justice.

Original proceeding for writ of prohibition. Relators are James A. Karten and Bill Atkins. Respondents are Nancy Y. Snyder, Weldon Parkhill, and the Honorable John Hill, Judge of the 322nd District Court of Tarrant County, Texas. Karten and Ms. Snyder were previously husband and wife. Atkins represents Karten and Parkhill represents Ms. Snyder in the child custody case which gave rise to this proceeding.

Relators' application conditionally granted.

Upon Ms. Snyder's motion for contempt in cause no. DRC–1–10007, styled In the Interest of John David Karten, a Child, in the 322nd District Court of Tarrant County, Texas, Karten was cited for contempt for failure to return the child to Ms. Snyder. The trial court fined Karten $500.00 and the judgment further states as follows:

> "The Court is of the opinion that the sum of $750.00 is a reasonable fee to pay WELDON PARKHILL, Movant's attorney, and that said sum should be assessed against Respondent and collected as costs, and that the costs of $35.50, herein expended, should, also, be assessed against Respondent.

> "IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the Court that Movant recover of and from Respondent, JAMES A. KARTEN, the sum of $750.00 as attorney's fees to be taxed as costs of this proceeding, and that the said Respondent, JAMES A. KARTEN, is ordered to pay all costs of this proceeding."

At the conclusion of the hearing the trial court announced from the bench the above order as its judgment. Atkins immediately, in open court, respectfully advised the court of his intention to appeal the attorney's fee portion of the order.

Karten perfected his appeal by timely filing a cash deposit in lieu of a cost bond in

the trial court on November 9, 1979. He then timely filed the transcript in this court and the appeal was assigned cause no. 18305.

After the cash appeal deposit was filed with the clerk of the trial court Ms. Snyder filed a second motion for contempt in cause no. DRC–1–10007, seeking to enforce the payment of attorney's fees taxed as costs. Karten and Atkins were named as respondents in that motion. Ms. Snyder alleged that Karten was able to pay the $750.00 attorney's fees, and that he was refusing to do so based on Atkins' advice in direct violation of the previous contempt order.

In her second motion Ms. Snyder asserted that Atkins should be held in contempt because he advised Karten not to pay the $750.00 and for making the announcement in open court of his intention to appeal the contempt order. She contends that such actions amount to obstruction of justice, and were not made in good faith in view of the long standing rule in Texas that no appeal lies from a contempt order. Ms. Snyder's second motion was set for hearing for January 11, 1980 in the trial court. On that date Atkins appeared but Karten did not.

Atkins requested a continuance of the hearing until January 14, 1980 in order to give him time to petition this court for a writ of prohibition. The trial court granted the continuance and we granted Atkins' motion for leave to file his application. Our court notified the trial court that we had granted the motion for leave to file the application for writ of prohibition. This court served the Honorable John Hill with a copy of the motion and the petition for writ of prohibition. The trial court continued its hearing pending our decision on the writ of prohibition. Parkhill was also served and appeared before the trial court.

In the case on appeal, being cause no. 18305, Atkins takes the position that the judgment for $750.00 attorney's fees taxed as costs is a judgment for debt and is therefore appealable. He further takes the position that if his client pays this debt while that issue is on appeal, then the question becomes moot and our court would then be compelled to dismiss the appeal. He contends that the appeal was made in good faith. His contention is that instead of using a writ of execution or other methods of collecting the debt, Ms. Snyder is attempting to have Karten incarcerated until he pays the debt and his attorney incarcerated for advising him not to pay the debt. Karten could be forced into paying the debt and losing his right of appeal unless he should remain in jail until the appeal is finally terminated.

In their application for writ of prohibition, Atkins and Karten seek the following relief: "Relators pray that . . . [t]his Court grant Relators a Writ of Prohibition directed to Respondents . . . [c]ommanding the Honorable John Hill, Judge of the 322nd District Court to cease and desist from taking or exercising any jurisdiction over Relators under said Motion for Contempt . . . ." The relators also seek to have this court order Ms. Snyder and Parkhill to cease and desist from attempting to proceed with her second contempt motion of November 26, 1979, pending the outcome of the appeal in cause no. 18305.

46 Tex.Jur.2d *Prohibition* § 1 (1963) defines the writ as:

"The writ of prohibition is an extraordinary writ, issued by a superior court to an inferior judicial tribunal to prevent the latter from assuming jurisdiction in a matter over which by law it has no control, or from exceeding its jurisdiction in a matter of which it has taken cognizance."

See also *Browne v. Rowe,* 10 Tex. 183 (1853); *City of Houston v. City of Palestine,* 114 Tex. 306, 267 S.W. 663 (1924).

It is our opinion that under the facts and the record in this case this court has jurisdiction and the power to issue this writ of prohibition to protect our jurisdiction. Tex. Const. art. V, § 6 (Supp.1980); Tex.Rev.Civ. Stat.Ann. art. 1823 (1964).

■ In *General Tel. Co. of S. W. v. City of Garland,* 522 S.W.2d 732 (Tex.Civ.App.— Dallas 1975, no writ) the court interpreted

art. 1823 as vesting the courts of civil appeals with the power to grant a writ to preserve the subject matter of a case pending appeal where the acts of the trial court would render the appeal moot.

Further, we hold that the appeal has been properly perfected in this court and this court has exclusive jurisdiction over the subject matter thereof. *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478, 482 (Tex.1964) held that the exclusiveness of this jurisdiction has the effect of terminating the power of the trial court over the subject matter of the appeal during pendency of the appeal. In *Ex Parte Travis*, 123 Tex. 480, 73 S.W.2d 487, 489 (1934), the supreme court also stated:

> " 'As a general rule the perfection of an appeal . . . terminates the authority of the lower court pending the appeal, *in respect of all matters which trench upon the appellate functions*, so that the lower court may not thereafter proceed in the cause, *at least as to the subject matter of the appeal* . . .' " (Emphasis theirs.)

Based on the foregoing, it is our opinion that it is clear that we have the jurisdiction to issue the writ of prohibition, and that both Karten and Atkins are proper parties to request the writ, so that there are no jurisdictional problems concerning the parties bringing this proceeding. Karten is a party to cause no. 18305, and any attempt by the trial court to force Karten to pay the disputed amount over which an appeal is pending would clearly interfere with our jurisdiction. With respect to Atkins, he is Karten's attorney of record. As such, he acts as Karten's agent. The attempt to hold Atkins in contempt for advising his client to appeal, and punish Atkins for acting as Karten's agent in pursuing that appeal, also interferes with our jurisdiction over the appeal in cause no. 18305.

Prohibition will issue only in cases of manifest necessity. Because the Honorable John Hill has continued the contempt proceeding pending the determination of this writ of prohibition proceeding, it is our expectation that the trial court will not interfere with our jurisdiction pending the appeal of cause no. 18305 and that the trial court will proceed in accordance with this opinion. Therefore, with respect to the trial court, a writ of prohibition will issue only in the event that the trial court takes or attempts to take, or exercises or attempts to exercise, any jurisdiction over the relators under Ms. Snyder's motion for contempt of November 26, 1979, or any other action that would interfere with our jurisdiction in cause no. 18305. The writ of prohibition directed against the Honorable John Hill, Judge of the 322nd District Court of Tarrant County, Texas, is held in abeyance until such time as that court does not act in accordance with this opinion.

With respect to Ms. Snyder, her agents, attorneys and those acting for her, and Weldon Parkhill, a writ of prohibition is granted as prayed for by the relators and the clerk of this court shall issue a writ of prohibition directed against Ms. Snyder, her agents, attorneys and those acting in her behalf, and Weldon Parkhill, to cease and desist from attempting to proceed with her motion for contempt filed in cause no. DRC–1–10007 filed with the district clerk of Tarrant County, Texas, on November 26, 1979, pending the outcome of the appeal in cause no. 18305.

Costs of court are taxed against Ms. Snyder and Weldon Parkhill, jointly and severally.

MASSEY, C. J., concurs.

MASSEY, Chief Justice, concurring.

I concur with the majority, but wish to add an additional comment relative to the action of the trial court in handling the contempt hearing. As noted in the majority opinion, Karten was not present on January 11 or 14, 1980, when the trial court proceeded to hear Ms. Snyder's Motion for Contempt of November 26, 1979. I am bothered by the question of whether this would amount to a trial in absentia, and am concerned with the potential ramifications of any implied approval by this court of trial which might result in punishment for

contempt of a respondent who is not at the trial, even though he has been notified to personally appear. I think that in such a case an order holding the respondent in contempt should be valid; I fear that it might be invalid.

A person who is held in contempt is entitled to a hearing after notice, before the respondent can be jailed. *Ex parte Ratliff*, 117 Tex. 325, 3 S.W.2d 406, 57 A.L.R. 541 (1928); *Ex parte Pyle*, 134 Tex. 148, 133 S.W.2d 565 (1939); see also 12 Tex.Jur.2d *Contempt* §§ 49, 50 (1960). If the trial court in the instant case were to have proceeded with the contempt proceeding without Karten being present, he would have been deprived of such a hearing. In *Ex parte Stanford*, 557 S.W.2d 346 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ), a person was cited for contempt for failure to pay child support. A "show cause hearing" was held where the husband was not present, nor did he appear through an attorney. The husband was ordered jailed for ten days for contempt and was ordered to remain in jail further until an arrearage was paid. The husband petitioned the 1st Court of Civil Appeals for a writ of habeas corpus, which was granted.

In granting the writ of habeas corpus in *Stanford*, the Houston court discussed the propriety of jailing a person for contempt when the person has no notice of the contempt proceeding nor an opportunity to appear at a show cause hearing. *Stanford* appeared to turn on the issue of lack of notice to the respondent, but the court also addressed the issue of a trial held in absentia. There is little published law in Texas on this subject, but the Court of Civil Appeals commented that the laws of Texas do not countenance trials in absentia in normal, everyday criminal proceedings. This is due to the right of an accused to confront witnesses, found in Tex.Const. art. 1, § 10. A similar right exists in the Bill of Rights of the federal constitution, U.S.Const. amend. 6.

Whether or not this right of confrontation extends to contempt proceedings in Texas is not clear. In *Muniz v. Hoffman*, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975), it appears that due to the penal nature of contempt punishment, the respondent in a contempt proceeding is entitled to some of the various protections afforded criminal defendants. Even though *Muniz* involved interpretation of a federal statute in a contempt proceeding, it appears this right extends to the right to confront the witnesses in any contempt proceeding and therefore implicitly disapproves of a contempt proceeding held when the respondent is not present.

As a result, since normal criminal proceedings in Texas do not lend themselves to trials in absentia and since a trend exists which appears to be moving away from condoning contempt proceedings held when the respondent is not present, I feel that it was incorrect for the trial court to proceed with the contempt motion when Karten was not present. It has been suggested that Karten was present in Fort Worth when the contempt proceeding was held, and in light of this fact, it would not have been too onerous a burden for the trial court to have brought Karten before the court. I strongly feel that the failure to do this was potential error by the trial court, with the possibility that the resulting contempt proceeding, if it had been held, would have resulted in a void contempt decree. Hopefully, such potential for error will not occur in the future.