Petition for Writ of Prohibition Granted; Petition for Writ of Mandamus
Denied; and Memorandum Opinion filed June 7, 2007








 

Petition
for Writ of Prohibition Granted; Petition for Writ of Mandamus Denied; and
Memorandum Opinion filed June 7, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01041-CV

____________

 

IN RE WOODY K. LESIKAR, as Trustee of the Woodrow V.
Lesikar Family Trust, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF
PROHIBITION & WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this
original proceeding, relator, Woody K. Lesikar, seeks a writ of
prohibition, prohibiting the respondent, the Honorable Robert May, from
exercising contempt jurisdiction with respect to part of the final judgment. 
Alternatively, relator seeks mandamus relief to set aside the trial court=s show cause order and to dismiss the
motion for contempt.  We conditionally grant the writ of prohibition








Relator, Woody Lesikar, and real party in interest, Carolyn
Moon, are the son and daughter of Woodrow V. Lesikar, who is now deceased. 
Woodrow=s will created a
family trust, and special trusts for both Woody and Carolyn.  In 2003, Carolyn
sued Woody, the trustee of the Woodrow Lesikar trust.  The trial court signed a
final judgment on September 13, 2005.  Woody appealed the final judgment, and
on November 21, 2005, the trial court entered an order setting  the amount
necessary to suspend enforcement of the judgment at $345,000.  Woody filed a supersedeas
bond, which the trial court approved.

The final judgment, in part, ordered that certain QTIP
funds were to be held in the family trust until the death of Margie (widow of
Woodrow).  The judgment further ordered the manner of disposition of these
funds after Margie=s death.  This portion of the judgment
required the division of the QTIP funds within 30 business days of the death of
Margie, with equal portions divided between the Carolyn Moon Special Trust and the
Woody Lesikar Special trust, and payment of the distribution to Carolyn=s trust was
ordered delivered to the office of her attorney on or before 5 p.m. of the 30
business day after Margie=s death.  

Margie died on February 18, 2006, which was after the
approval and filing of the supersedeas bond in this case.  On February 22,
2006, Carolyn filed a motion to modify the amount and conditions of the
supersedeas bond.  She filed an amended motion to modify on April 4, 2005. 
Because the final judgment provided for distribution to Carolyn of her half of
the QTIP funds that were available after Margie=s death, Carolyn
also sought distribution of part of the funds, on the ground that she was
having financial difficulties. 








After a hearing, the trial judge issued an order April 12,
2006, that did not amend or modify the supersedeas bond, but which ordered
Carolyn=s half of the
$250,000 QTIP funds deposited into the registry of the court.  The order also
stated that, in the future, the court would distribute these funds to Carolyn
as needed.  Woody filed a motion in this court, asking that we vacate the trial
court=s order requiring
the deposit of half the QTIP funds into the registry of the court.  We issued
an order on September 28, 2006, finding that the trial court had no
jurisdiction to enter the order because the trial court=s jurisdiction as
to supersedeas was limited by Rule 24 and the trial court=s order exceeded
this limited grant of power.[1] 
However, because we found the trial court=s order did not
fall within the listed types of rulings an appellate court can review under
rule 24.4(a), we denied the motion to vacate the order. 

In October 2006, Carolyn Moon filed a motion for contempt, claiming
that Woody had violated the final judgment by not distributing to Carolyn her
half of the $250,000 QTIP funds.  The trial court set this motion for a hearing
on December 11, 2006, which was stayed by our order of December 7, 2006.  

Woody first seeks a writ of prohibition, claiming that the
trial court does not have jurisdiction to enforce the final judgment by
contempt when an appeal is perfected and the judgment has been superseded.  An
appellate court may issue a writ of prohibition to protect and enforce its
jurisdiction.[2] 
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 683 (Tex. 1989). 
Once an appeal has been perfected, the appellant has the right to supersede and
suspend enforcement of the judgment.  Ex parte Kimbrough, 135 Tex. 624,
146 S.W.2d 371, 372 (1941).  If the appellant fails to exercise its right to
supersede the judgment, it will be subject to the trial court=s contempt
jurisdiction.  In re Sheshtawy, 154 S.W.3d 114, 124-25 (Tex. 2004). 








Woody argues that, by exercising contempt jurisdiction, the
trial court is interfering with our exclusive jurisdiction over the final
judgment.  The supreme court has held that an appellate court retains the Aoverarching power@ to stay any
actions, including contempt proceedings, in the trial court if it interferes
with our jurisdiction or the subject matter of the appeal.  Sheshtawy,
154 S.W.3d at 124.  

In the appeal, Woody has raised an issue claiming the trial
court erred in finding Carolyn was entitled to any funds from the trust because
she violated the in terrorem clause. Woody asserts that the trial court
will interfere with the subject matter of the appeal if the trial court partially
enforces the judgment by contempt because a finding by this court in Woody=s favor on the
issue concerning the in terrorem clause could result in a holding that
Carolyn was not entitled to any distribution under the trust.  In support of
this argument, Woody cites to Atkins v. Snyder, 597 S.W.2d 779 (Tex.
Civ. App.BFort Worth 1980, orig. proceeding).  

In Atkins, the trial judge held James Karten in
contempt for failing to return a child to his ex-wife.  Id. at 780.  The
judge issued an order, fining Karten in the amount of $750.  Id.  Karten
appealed this order and while this order was on appeal, the ex-wife filed a
second motion for contempt to enforce payment of the $750 awarded in the first
contempt order.  Id.  at 781.  The second contempt motion was set for
hearing, but Karten filed a petition for writ of prohibition.  Id.  The
appellate court noted that, once an appeal has been properly perfected, the
appellate court has exclusive jurisdiction over the subject matter of the
appeal and this exclusive jurisdiction terminates the trial court=s power of the
subject matter of the appeal during the pendency of the appeal.  Id. at
782 (citing Ammex Warehouse Co. v. Archer, 381 S.W.2d 478, 482 (Tex.
1964) and Ex parte Travis, 123 Tex. 480 ,73 S.W.2d 487, 489 (1934)). 
Accordingly, the court found the trial court=s attempt to hold
Karten in contempt for failing to pay the $750 while the appeal was pending clearly interfered with
the appellate court=s jurisdiction and the appellate court granted the petition. 
597 S.W.2d at 782. 








We agree
with Woody that the trial court=s attempted exercise of contempt jurisdiction in this case 
interferes with our jurisdiction over the pending appeal.  Because the final
judgment in this case includes a provision directing the division and
distribution of the QTIP funds, and Woody has raised an issue in the appeal
that challenges this provision of the judgment, it interferes with this court=s exclusive jurisdiction over the subject
matter of the appeal for the trial court  to exercise contempt jurisdiction
regarding the distribution of the QTIP funds.

Woody
also claims he is entitled to a writ of prohibition because the trial court
has no authority to enforce a superseded judgment pending appeal.  Although
Woody posted a supersedeas bond, the parties dispute whether this bond covers
the QTIP funds because those funds did not become available and subject to the
judgment=s requirement of
disposition until after the supersedeas bond was posted.  The record shows that
Carolyn was the party that filed the motion to modify supersedeas the QTIP
funds became available.  The record also shows that Woody did not oppose
modification of the supersedeas to cover these funds.  At the hearing on April
7, 2006, before the trial court entered the order requiring deposit of Carolyn=s portion of the
funds into the registry of the court, Woody=s counsel stated
on the record: A[m]y discussions with Ms. Bayless [Carolyn=s counsel] have
been that we would be willing to increase the bond to accommodate a cash, part
of the cash portion of the judgment that wasn=t in place when
the original bond hearing was done because Margie was still alive and so we had
no idea what that value would be.@  This tends to
show that Woody did not consider these funds to be covered by the original
supersedeas bond.  No order approving modification of the supersedeas bond was
ever entered.








However, Woody argues that the original supersedeas bond covers
the entire judgment, including the QTIP funds.  Although Woody agrees that the
trial court did not include the amounts of the QTIP funds in its calculation of
the bond amount, he claims that does not change the effect of the filing of the
bond.  Woody states that the bond is intended to cover the entire judgment,
even if the calculation of the amount of the bond could not have included the
amount of the QTIP funds which were contingent upon the death of Margie.  At
most, Woody claims it might justify requiring additional security.  

We agree that, because the judgment is superseded, no
execution can issue. Tex. R. App. P. 24.1(f). 
If the supersedeas bond currently in place is insufficient, there is a remedy.
The rules provide for modification of the amount of the supersedeas.  See  Tex. R. App. P. 24.3.  The trial court
retains continuing jurisdiction to modify the amount of security Arequired to
continue the suspension of a judgment=s execution.@  Id. at
24.3(a)(2).  Although Carolyn previously filed a motion to modify the amount of
the security, she also requested payment.  The trial court=s order in
response to her motion to modify did not modify the security currently in
place.  The option to seek modification of the amount of supersedeas remains
available to Carolyn.  Although a trial court has the power to exercise
contempt jurisdiction when a judgment has not been superseded, Sheshtawy,
154 S.W.3d at 124, the judgment in this case has been superseded, and
therefore, the trial court could not exercise contempt jurisdiction.  AOnce an appeal has
been perfected, the appellate court may protect its jurisdiction by issuance of
a writ of prohibition if the trial court attempts to enforce its judgment
through a contempt proceeding.@  Elizondo v. Williams, 643 S.W.2d
765, 767 (Tex. App.BSan Antonio 1982, orig. proceeding). 
Accordingly, we find that Woody is also entitled to relief because the trial
court is interfering with our jurisdiction by attempting to enforce the
judgment pending appeal through a contempt proceeding. 

In the
alternative, Woody seeks mandamus relief to require the trial court to set
aside its show cause order and to dismiss the motion for contempt.  Woody claims
mandamus relief is available to prevent enforcement of the superseded final
judgment while the appeal is pending.  Because we have already held that Woody
is entitled to relief by writ of prohibition, we need not address whether Woody
is entitled to mandamus relief. 








Accordingly,
we conditionally grant the petition insofar as it requests a writ of
prohibition.  We are confident the trial court will refrain from exercising
contempt jurisdiction in the underlying case and the writ of prohibition will
issue only if the trial court does not.  We deny the request for mandamus
relief.  

 

PER
CURIAM

Petition Conditionally Granted and Memorandum Opinion
filed June 7, 2007.

Panel consists of Justices Anderson, Hudson, and
Guzman.









[1] Rule 24.3
provides a trial court with continuing jurisdiction to do the following:  (1)
order the amount and type of security, (2) decide the sufficiency of sureties,
and (3) if circumstances change, modify the amount or type of security.  Tex. R. App. P. 24.3(a).  The trial
court=s order did not state it was setting the type or
amount of modified security.  Instead, it ordered the funds into the registry
of the court and stated that it would distribute these funds to Carolyn, as she
needed them, in the future.  In ruling on Woody=s motion, we found the trial court=s
ruling, which ordered Carolyn=s half of the
QTIP funds into the registry of the court for subsequent distribution, was not
an order pursuant to Rule 24.3(a).  Thus, we held the trial court had exceeded
the limited grant of continuing jurisdiction under Rule 24.3.





[2]  A writ of
prohibition operates like an injunction issued by a superior court to prevent
action in a court of inferior jurisdiction.  Holloway v. Fifth Court of
Appeals, 767 S.W.2d 680, 682 (Tex. 1989).