NO. 07-09-0143-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 12, 2009
_____

IN RE ALVIN EDWARD PARKER, JR., RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On May 6, 2009, relator Alvin Edward Parker, Jr. filed a petition for writ of prohibition and a request for temporary relief staying proceedings in the trial court. We denied the request for temporary relief. Concluding we lack jurisdiction over relator's petition, we will dismiss it.

According to his petition, relator sought domestication in the trial court of an Oklahoma judgment appointing him guardian of his mother Loyce Parker. Relator's sister, real party in interest Linda S. Jones, moved to vacate the Oklahoma judgment.[1] After considering the arguments and authorities of the parties, the respondent judge sent a letter to counsel announcing his intention to vacate the Oklahoma judgment. Relator's petition

_____

[1] By an opinion and judgment issued December 31, 2008, we affirmed the judgment of the trial court appointing real party in interest guardian of the person and estate of Loyce Parker. *In re Parker,* 275 S.W.3d 623 (Tex.App.–Amarillo 2008, no pet.). Our mandate issued March 24, 2009. Tex. R. App. P. 18.1(a).

states that the trial court's decision has not been reduced to a signed order. Relator contends that unless this court issues a writ of prohibition prohibiting the trial court from signing an order vacating the Oklahoma judgment, he will lack an appellate remedy.

On our own motion, we consider our jurisdiction to grant the relief relator seeks. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (recognizing our obligation to verify our jurisdiction). Government Code section 22.221 governs the writ power of courts of appeals. Tex. Gov't Code Ann. § 22.221 (Vernon 2004). A court of appeals may issue writs of mandamus and "all other writs" necessary to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). The jurisdiction of a court of appeals to enter writs under section 22.221(a) is limited to cases over which it has actual jurisdiction of a pending proceeding. *Bayoud v. North Cent. Inv. Corp.,* 751 S.W.2d 525, 529 (Tex.App.–Dallas 1988, orig. proceeding) ("[a] court of appeals does not have jurisdiction, absent a pending appeal, to issue a writ of prohibition requiring that a trial court refrain from performing a future act"). *See also In re Jennings,* No. 07-97-0476, 1998 WL 24352, at *2, 1998 Tex. App. Lexis 475, at *6-7 (Tex.App.–Amarillo January 21, 1998, orig. proceeding) (not designated for publication) (court of appeals lacked jurisdiction to issue writ of prohibition in absence of pending appeal)*; Shelvin v. Lykos,* 741 S.W.2d 178, 181 (Tex.App.–Houston [1st Dist.] 1987, orig. proceeding) (noting distinction between actual and potential appellate jurisdiction).

Relator argues *Atkins v. Snyder* should guide our decision on his petition. 597 S.W.2d 779 (Tex.Civ.App.–Fort Worth 1980, orig. proceeding). But *Atkins* is not

inconsistent with our conclusion we lack jurisdiction. To the contrary, it illustrates our limited jurisdiction under section 22.221(a). There, an order taxing attorney's fees against Karten was the subject of a pending appeal. Snyder then moved the trial court to hold Karten and his lawyer Atkins in contempt and enforce the attorney's fee award. *Id.* at 780-81. Atkins argued the motion could jeopardize appellate rights in the pending appeal. He and Karten sought a writ of prohibition from the court of civil appeals. *Id.* at 781. Recognizing its authority to issue a writ of prohibition to preserve the subject matter of a pending appeal, the appellate court observed "any attempt by the trial court to force Karten to pay the disputed amount over which an appeal is pending would clearly interfere with our jurisdiction." *Id*. at 782. Thus, *Atkins* is typical of holdings that a trial court may not enter an order that interferes with the jurisdiction of an appellate court in a pending appeal. *See Dawson v. Briggs,* 107 S.W.3d 739, 745 (Tex.App.–Fort Worth 2003, no pet.) (recognizing that holding of *Atkins*).

Here, unlike *Atkins*, no case on appeal or other proceeding involving the parties to this original proceeding is pending before this court. We, therefore, are without jurisdiction to consider the merits of relator's petition seeking a writ of prohibition. Accordingly, we dismiss relator's petition, expressing no opinion on its merits.


James T. Campbell
Justice


3