ALLIANCE ROYALTIES, LLC
and Alliance Royalties,
Inc., Appellants,

v.

William A. BOOTHE, M.D., Wendy J. Boothe, W.A., Boothe Family, Ltd., GVLP, LLC, DVLP, LLC, NVLP, LLC, RVLP, LLC, Appellees.

No. 05–09–01019–CV.

Court of Appeals of Texas,
Dallas.

May 14, 2010.

Jeffrey S. Levinger, Brett D. Kutnick, Hankinson Levinger LLP, James W. Grau, Scott A. Whisler, Grau Koen, PC, Dallas, TX, for Appellant.

Mark L. Johansen, Gruber Hurst Johansen & Hail, LLP, Jason A. Copling, Munsch Hardt Kopf & Harr, P.C., William Ross Forbes, Jr., Jason P. Shanks, Jude T. Hickland, Jackson Walker, L.L.P., Vanessa Jean Rush, Dallas, TX, for Appellee.

Before Justices O'NEILL, LANG, and MYERS.

## OPINION

Opinion By Justice O'NEILL.

In this interlocutory appeal, appellants Alliance Royalties, LLC and Alliance Royalties, Inc. appeal a temporary injunction enjoining them from terminating a Management Agreement between Alliance Royalties, Inc. and interpleader Compass Royalty Management, LLC. The injunction was granted at the request of two groups of appellees William A. Boothe, M.D., Wendy J. Boothe, and W.A., Boothe Family, LTD. (the Boothes) and GVLP, LLC, DVLP, LLC, NVLP, LLC, and RVLP, LLC (the Vento entities). In three issues, Alliance, Inc. and Alliance, LLC contend the trial court abused its discretion in granting temporary injunctive relief because (1) the trial court enjoined termination of an at-will contract between Alliance, Inc. and Compass, a third party that did not concern the underlying claims at issue, (2) appellees did not prove irreparable injury, and (3) the injunction does not preserve the status quo. For the following reasons, we reverse the temporary injunction and remand for further proceedings consistent with this opinion.

Alliance, Inc. holds a royalty interest in certain oil and gas interests offered by Noble Royalties. Alliance, Inc. entered into a Management Agreement with Compass Royalty Management, Inc. to manage this interest. In managing these interests, Compass collects royalty revenues, accounts by percentage ownership to the royalty owners, and distributes that income less any applicable costs, fees, taxes, or charges. In return, Compass receives a substantial fee. The Management Agreement was terminable at Alliance, Inc.'s will on sixty days' notice.

The relationship between Compass and Alliance, Inc. deteriorated, both parties accusing each other of wrongdoing. Alliance, Inc. accused both Compass and No-ble Royalties of fraud and notified them it was going to demand arbitration. Alliance, Inc. also alleged Compass was charging excessive fees and holding funds for excessive periods of time.

Compass, on the other hand, had discovered appellees were accusing Alliance, Inc. of committing fraud and were claiming appellees' owned the interest in Noble Royalties. As a consequence, Compass filed an interpleader and declaratory judgment action and tendered the disputed funds into the court's registry to allow the court to resolve the dispute between Alliance, Inc. and appellees. Compass claims it is a disinterested third party and is merely attempting to protect itself from liability related to the disputed funds.

After discovering Compass was interpleading the funds, Alliance, Inc. gave Compass sixty days' notice that it was terminating the Management Agreement. This termination was in accordance with the terms of that agreement. Alliance, Inc. sought to contract with a third-party independent royalty interest manager, B & L Royalty Management to take over the management of Noble Royalties. According to Alliance, Inc., B & L will charge a smaller fee and make distributions more quickly.

Appellees answered the interpleader and alleged several claims against Alliance, Inc. and Alliance, LLC. They also sought to enjoin Alliance, Inc. from terminating the Management Agreement with Compass. Appellees are not parties to that agreement. Appellees nevertheless assert an injunction was necessary to prevent Alliance, Inc. from absconding with the funds. They further asserted B & L was not qualified to manage the royalty interests.

At the hearing on the temporary injunction, appellees presented evidence showing

what they contend is an elaborate fraudulent investment scheme in which Alliance, Inc. and/or Alliance, LLC induced them to invest millions of dollars offshore. According to appellees, they were led to believe they were investing in oil and gas interests offered by Noble Royalties. Appellees made this investment through a complex multi-leveled structure involving various trusts, annuities and life insurance policies. According to Alliance, Inc. and Alliance, LLC, however, appellees have no interest in Noble Royalties, which is held solely by Alliance, Inc. They assert appellees only have an interest in Alliance, LLC. Alliance, LLC owns notes on which Alliance, Inc. pays interest which is then paid out to Alliance, LLC's investors, including appellees. These payments come from money Alliance, Inc. receives from the Noble Royalties, but are far less than what Alliance, Inc. actually receives from those interests.

The trial court granted a temporary injunction and enjoined Alliance, Inc. from terminating its contract with Compass. Alliance, Inc. and Alliance, LLC appeal. They assert the trial court abused its discretion in enjoining the termination of a contract, that is unrelated to the subject matter of the litigation, and was terminated pursuant to the agreed upon contractual terms. We agree.

■ A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 57. To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and

(3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 57. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204; *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex.App.-Dallas 1989, no writ).

■ Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 58. The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204.

■ It is undisputed the Management Agreement was terminable at Alliance, Inc.'s will on sixty days' notice. Alliance, Inc. gave Compass the requisite notice. The trial court nevertheless enjoined Alliance, Inc. from terminating the contract. It is well settled that courts must enforce contracts as written by the parties and cannot rewrite a contract. *Rimes v. Club Corp. of Am.*, 542 S.W.2d 909, 912 (Tex. Civ.App.-Dallas 1976, writ ref'd n.r.e.). The injunction effectively rewrote the contract. We conclude using a temporary injunction to impose a contractual relationship upon parties that is contrary to the specific contractual provisions regarding termination is not proper.

■ Moreover, the injunction here prevented the termination of a contract that was not related in any way to the causes of action alleged. Specifically, appellees' claims had nothing whatsoever to do with the Compass contract. We recognize that in seeking a temporary injunction, it is not necessary that the ultimate

relief sought be in the nature of permanent injunctive relief. *See Walling*, 863 S.W.2d at 57. But we cannot agree that a plaintiff need show probable right on *any* cause of action to obtain injunctive relief regarding a defendant's assets, much less its business decisions. If this were the case, injunctions would usurp the carefully constructed statutes concerning garnishment, attachment, receivership, etc. Instead, we conclude there must be some connection between the claims alleged and the acts sought to be enjoined. *See Nowak v. Los Patios Investors*, 898 S.W.2d 9, 10 (Tex.App.-San Antonio 1995, no pet.); *Victory Drilling, LLC, v. Kaler Energy Corp.*, 04–07–00094–CV, 2007 WL 1828015 *2 (Tex.App.-San Antonio 2007, no pet.). If a plaintiff wants to protect its right to collect a potential judgment, it must follow the specific statutes designed for that purpose. *See, e.g.* TEX. CIV. PRAC. & REM.CODE ANN. § 61.001 (Vernon 2008) (attachment); TEX. CIV. PRAC. & REM.CODE ANN. § 62.001 (Vernon 2008) (sequestration); TEX. CIV. PRAC. & REM.CODE ANN. § 63.001 (Vernon 2008) (garnishment); TEX. CIV. PRAC. & REM. CODE ANN. § 64.001 (Vernon 2008) (receivership). In conclusion, the temporary injunction in this case attempted to effect some type of prejudgment attachment, garnishment, or receivership. In doing so, it improperly bypassed the statutory requirements for such relief.

In reaching this conclusion, we recognize a trial court has some authority to protect funds when ownership is in dispute beyond the confines of the statutes regarding extraordinary remedies. *See, e.g., Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex.1967). However, the temporary injunction was directed toward a specifically bargained for voluntary contractual relationship, not just the funds at issue. We conclude using a temporary injunction to impose a contractual relationship, unrelated to any of the claims at issue, and contrary to the specific contractual provisions regarding termination, is not proper.

Finally, we disagree with appellees to the extent they argue that the temporary injunction was necessary to protect the trial court's jurisdiction over the interpleader action. The purpose of an interpleader is to relieve an innocent stakeholder of the vexation and expense of multiple litigation and the risk of multiple liability. *Dallas Bank & Trust Co. v. Commonwealth Dev. Corp.*, 686 S.W.2d 226, 230 (Tex.App.-Dallas 1984, writ ref'd n.r.e.). Thus, the purpose of that action, as it relates to this case, is to protect Compass from liability for funds in its possession. Any issue with respect to funds not in Compass's possession has no effect on the trial court's jurisdiction over the interpleader.

We conclude the trial court abused its discretion by enjoining Alliance, Inc. from terminating its contract with Compass. Consequently, we reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this opinion.