ACCEPTED
01-13-00855-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 4:15:33 PM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-13-00855-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 4:15:33 PM
CHRISTOPHER A. PRINE
Clerk

IN THE
FIRST COURT OF APPEALS
Houston, Texas

_____

DERWIN TATUM
*Appellant*

v.

WELLS FARGO HOME MORTGAGE, INC. AND
FEDERAL HOME LOAN MORTGAGE CORPORATION
*Appellees*

_____

On Appeal from the 400th Judicial District Court
Fort Bend County, Texas
Cause No. 10-DCV-182578
The Honorable Clifford J. Vacek, Presiding

_____

**APPELLEES' MOTION FOR REHEARING**

_____

George A. Kurisky, Jr.
Texas Bar No. 11767700
gkurisky@jdkglaw.com
Daniel J. Kasprzak
Texas Bar No. 11105300
dkasprzak@jdkglaw.com
Branch M. Sheppard
Texas Bar No. 24033057
bsheppard@jdkglaw.com
JOHNSON DELUCA KURISKY & GOULD, P.C.
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone

(713) 652-5130 – Facsimile

**ATTORNEYS FOR APPELLEES,
WELLS FARGO HOME MORTGAGE, INC.
AND FEDERAL HOME LOAN MORTGAGE
CORP.**

## GROUNDS FOR REHEARING

The panel reversibly erred by holding that the Order Granting Defendants' Motion for Adequate Protection (the "Adequate Protection Order") was an injunction subject to the formal requirements of Rules 683 and 684.

## STATEMENT OF ISSUES PRESENTED

Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac") submit this motion for rehearing, pursuant to Tex. R. App. P. 49.1, asking the panel to reconsider the portion of its opinion declaring the Adequate Protection Order void, vacating that order, and remanding the case to the trial court for a determination of what funds, if any, should be refunded to Derwin Tatum ("Tatum"). The specific properties of the Adequate Protection Order do not impose additional duties on Tatum and do not compel him to complete any act that he is not already obligated to perform. Deeming the Adequate Protection Order to be an injunction unnecessarily expands the definition of "injunction" and interferes with the trial court's exercise of its equitable powers.

1

# ARGUMENT AND AUTHORITIES

## A. THE PANEL REVERSIBLY ERRED BY HOLDING THAT THE ORDER GRANTING DEFENDANTS' MOTION FOR ADEQUATE PROTECTION WAS AN INJUNCTION, AND SUBJECT TO THE FORMAL REQUIREMENTS OF RULES 683 AND 684.

### a. The Adequate Protection Order is not an injunction.

Applying *Qwest Communication Corp. v. AT&T*, the panel found that the Adequate Protection Order was a temporary injunction subject to the formal requirements of Texas Rules of Civil Procedure 683 and 684. *See Qwest Communication Corp. v. AT&T*, 24 S.W.3d 334 (Tex. 2000).

In *Qwest Communications*, the Supreme Court reviewed an appellate court's determination that it lacked appellate jurisdiction to review a trial court order because the trial court's order was not an injunction. *See* TEX. CIV. PRAC. & REM. CODE §51.014(a)(4). In *Quest*, AT&T sought compensation for damage to fiber optic cables allegedly caused by Qwest. *Qwest*, 24 S.W.3d at 335.

AT&T sought injunctive relief. At the temporary injunction hearing, the parties announced an agreement that required Qwest to notify AT&T of operations near AT&T cables and to employ electronic monitoring equipment during its drilling and pull-back operations. *Id.* Following the hearing, the parties were unable to reduce the announced agreement to a form of order. The Court held a "clarification hearing" where the court entered an order in accordance with the

2

prior announcement of the parties. *Id.*

Qwest appealed. The appellate court dismissed the appeal for lack of jurisdiction, finding that the order was not a temporary injunction and not subject to interlocutory appeal. The Supreme Court reversed the appellate court's determination, finding that appellate jurisdiction existed. The Supreme Court found that the trial court's order was a temporary injunction. *Qwest*, 24 S.W.3d at 338.

The Supreme Court noted that it is the character and function of an order that determines its classification. *Qwest*, 24 S.W.3d at 336 (citing *Del Valle I.S.D. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). The opinion states that "[t]he trial court's order here commands Qwest to undertake certain monitoring and notice provisions when conducting certain boring operations. Thus, the order is an injunction." *Qwest*, 24 S.W.3d at 336. AT&T's primary challenge to this characterization was that the order was, by its own terms, effective for a period of three years or until modified or extended by the trial court. Temporary injunctions are effective until modified by the court or until the final trial. *J.C. Matlock v. Data Processing Sec., Inc.*, 618 S.W.2d 327, 328 (Tex. 1981).

The Supreme Court began with the premise that the trial court's order was a temporary injunction. The order was entered in response to an application for temporary injunction, and at the Plaintiff's request. It was entered following a

temporary injunction hearing. The order was entered, seemingly, on the understanding of all parties that the order was a form of injunction. **The only issue actually addressed by the Qwest court is "whether the fixed three-year term precludes the order's classification as a temporary injunction."** *Qwest*, 24 S.W.3d at 336. The Supreme Court concluded "[b]ecause the trial court's order places restrictions on Qwest and is made effective immediately so that it operates during the pendency of the suit, it functions as a temporary injunction." *Qwest*, 24 S.W.3d at 337.

With respect to Tatum, the trial court neither restrained motion nor enforced action. The Adequate Protection Order did <u>not</u> create additional duties on behalf of Tatum. The Adequate Protection Order did <u>not</u> prohibit Tatum from undertaking a specific action. Had the court found the foreclosure sale to be wrongful, the Note and Deed of Trust would remain valid, executory, and in full force and effect. <u>Tatum would owe monthly payments to Wells Fargo</u>. The trial validated the foreclosure sale. Tatum holds over as a tenant at sufferance. Tatum is liable to Freddie Mac for the reasonable value of the use of the property for the time in which he holds over. *Kaplan v. Floeter*, 657 S.W.2d 1, 3 (Tex.App. – Houston [1st Dist.] 1983, no pet.). In either case, Tatum is under a legal duty to remit payments to either Wells Fargo or Freddie Mac. This duty exists independent of the Adequate Protection Order.

4

But for the Adequate Protection Order, Tatum would have to choose between Wells Fargo and Freddie Mac as to the appropriate party to make payment (assuming he attempted to pay anyone). The net effect of the Adequate Protection Order is to preserve Tatum's payments in the registry of the trial court until a determination could be made as to the proper party to receive payments. Similar procedures exist under Texas law in the form of an equitable action for interpleader and under the Texas Property Code's provisions governing payment of rent by a tenant during the appeal of an eviction. *See Northshore Bank v. Commercial Credit Corp.* 668 S.W.2d 787, 790 (Tex.App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.) (An interpleader is a suit in equity.); and TEX. PROP. CODE §24.0053 (Provides for payment of rent into the court's registry during eviction appeal.)

While the Adequate Protection Order was entered at the request of Wells Fargo and Freddie Mac and was effective immediately and for the duration of the case, the order does not serve the same purpose as an injunction. The purpose of a temporary injunction is to preserve the *status quo* with respect to the subject matter of the lawsuit until a final hearing can be held on the merits of the case. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The subject matter of the litigation is the real property and improvements located at 610 Hard Rock Lane, Richmond, Texas 77469 (the "Property").

The Adequate Protection Order addresses Tatum's payment of money into the court's registry. The Adequate Protection Order has no effect on the Property or on any party's rights in or to the Property. The order simply does not fulfill the purpose of a temporary injunction.

A court can order payment of disputed funds into its registry until ownership can be determined. *Ex Parte Preston*, 347 S.W.2d 938 (Tex. 1961); *Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex. 1967); *North Cypress Medical Center Operating Co., Ltd. v. St. Laurent*, 296 S.W.3d 171, 178-79 (Tex. App.–Houston [14th Dist.] 2009, no pet.). Moreover, courts limit authority to protect funds beyond the confines of the statutes and rules regarding extraordinary remedies. *Alliance Royalties, LLC v. Boothe*, 313 S.W.3d 493, 497 (Tex. App. – Dallas 2010, no pet.). On these grounds, the Adequate Protection Order is not an injunction. The Court should reconsider its finding that the Adequate Protection Order acts an injunction.

**B.    THE TRIAL COURT PROPERLY ENTERED THE ADEQUATE PROTECTION ORDER UNDER THE TRIAL COURT'S EQUITY JURISDICTION.**

Tatum sought to rescind and void the May 4, 2010 foreclosure sale. Rescission is an equitable remedy that is used as a substitute for monetary damages when such damages would not be adequate. *Scott v. Sebree,* 986 S.W.2d 364, 368 (Tex. App.–Austin 1999, pet. denied). Similarly, setting aside a trustee sale is an

equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity. *Lambert v. First Nat'l Bank of Bowie,* 993 S.W.2d 833, 835 (Tex.App.-Fort Worth 1999, pet. denied).

District Courts have jurisdiction over any cause of action that is cognizable by courts of law or equity and may grant any relief that could be granted by courts of law or courts of equity. TEX. GOV'T. CODE §24.008. District Courts have the power to issue such writs as are necessary to enforce their jurisdiction. TEX. CONST. ART. 5, §8. The trial court holds discretion as to whether to rescind a foreclosure or grant other forms of equitable relief. *Tex. Capital Secs., Inc. v. Sandefer*, 58 S.W.3d 760, 774 (Tex. App.–Houston [1st Dist.] 2001, pet. denied). In making this determination, courts of equity are not bound by rigid rules but are governed by flexible doctrines that allow courts to adopt remedies to particular circumstances to prevent injustice. *Hausman v. Hausman*, 199 S.W.3d 38, 42 (Tex. App.–San Antonio 2006, no pet.); *Warren v. Osborne*, 154 S.W.2d 944, 946 (Tex. Civ. App.–Texarkana 1941, writ ref'd w.o.m.).

Tatum invoked the trial court's equity jurisdiction. Having failed to pay his mortgage for years, Tatum filed suit to (1) challenge Wells Fargo's otherwise valid foreclosure sale and (2) leverage some form of concession from Wells Fargo all the while paying nothing to anyone. The trial court's Adequate Protection Order merely served to make Tatum abide by his legal obligation during the course of the

7

litigation.  The Adequate Protection Order imposed no hardship on Tatum.  The Adequate Protection Order conferred no additional benefit on Wells Fargo of Freddie Mac.  The Adequate Protection Order merely served to prevent the unjust enrichment that Tatum would enjoy while he lived rent-free and mortgage-free during the course of this litigation.  On these grounds, the Adequate Protection Order is not an injunction.  The Court should reconsider its finding that the Adequate Protection Order acts an injunction.

## PRAYER

Wells Fargo and Freddie Mac respectfully request that the Court of Appeals (1) grant this Motion for Rehearing, (2) withdraw the portion of its current Memorandum Opinion voiding and vacating the trial court's Adequate Protection Order, (3) affirm the trial court's entry of the Adequate Protection Order, and (4) grant Wells Fargo and Freddie Mac such other and further relief at law, and in equity, as is just.

Respectfully submitted,

JOHNSON DeLUCA KURISKY & GOULD
A Professional Corporation

By:   //s// George A. Kurisky, Jr.
          GEORGE A. KURISKY, JR.
          Texas State Bar No. 11767700
          gkurisky@jdkglaw.com
          BRANCH M. SHEPPARD
          Texas State Bar No. 24033057
          bsheppard@jdkglaw.com

8

4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Telecopy

ATTORNEYS FOR APPELLEES,
WELLS FARGO BANK, N.A. AND
FEDERAL NATIONAL MORTGAGE
CORPORATION

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Motion for Rehearing complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it was prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,950 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

　　　　　//s// George A. Kurisky, Jr.
　　　　　George A. Kurisky, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Rehearing was served via facsimile to all counsel of record on this, the 14th day of January, 2015, as follows:

***Via Facsimile (281) 855-4580***
J. NATHAN OVERSTREET
J. NATHAN OVERSTREET & ASSOC., P.C.
8711 HIGHWAY 6, NORTH, SUITE #230
HOUSTON, TEXAS 77095

　　　　　//s// George A. Kurisky, Jr.
　　　　　George A. Kurisky, Jr.

9