

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00262-CV

BETTY LOU BRADSHAW                                    APPELLANT

V.

PETER G. BENNIS AND                                   APPELLEES
CLEBURNE BIBLE CHURCH

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from the trial court's judgment releasing interpleaded funds to Peter G. Bennis and Cleburne Bible Church (CBC). We affirm.

## Background

A detailed description of the history of the underlying trial court case preceding this interpleader action may be found in *Bradshaw v. Steadfast*

---

[1]*See* Tex. R. App. P. 47.4.

*Financial, L.L.C.*, No. 02-10-00369-CV, 2013 WL 530969 (Tex. App.—Fort Worth Feb. 14, 2013, no pet. h.) (*Bradshaw II*).[2]  Betty Lou Bradshaw, the owner of a nonparticipating royalty interest (NPRI) in real property, sued Steadfast Financial, L.L.C., Range Production I, L.P., and others, including Bennis, claiming that Steadfast—the owner of the mineral estate subject to Bradshaw's NPRI and holder of the executive right—breached a fiduciary duty to her by agreeing to a 1/8 royalty rather than a 1/4 royalty in an oil and gas lease with Range.  *Id.* at *1. One of the remedies she claimed was a constructive trust upon all accrued royalties paid to other royalty holders—whom she had also named in the suit and of whom Bennis was one—and all future royalty payments to those royalty holders.  *Id.* at *2.  The trial court granted summary judgment for all of the defendants and rendered a judgment that Bradshaw take nothing on all of her claims.  *Id.*  Bradshaw appealed the judgment on October 18, 2010.

On December 6, 2010, Range filed an original petition in interpleader, seeking to interplead into the court's registry all of the past royalty payments due Bennis and CBC.[3]  Bradshaw answered the interpleader motion on December 21, 2010, claiming that the trial court had been deprived of jurisdiction

---

[2]We have previously referred to that case as *Bradshaw II* in *Bradshaw v. Sikes*, No. 02-11-00169-CV, 2013 WL 978782 (Tex. App.—Fort Worth Mar. 14, 2013, no pet. h.) (mem. op.).

[3]CBC was not a party to *Bradshaw II*.  Bennis executed an Assignment of Production Payment to CBC after Bradshaw filed her original petition in *Bradshaw II*.

2

over the interpleader by the pending appeal in *Bradshaw II.* On February 3, 2011, the trial court rendered an order authorizing Range to interplead the funds and releasing Range from any further liability as to those funds. That same day, Bradshaw filed a motion to abate distribution of the interpleaded funds pending her appeal of the take-nothing judgment in *Bradshaw II*; she also asked that Range be required to deposit future royalties due Bennis and CBC into the court registry. The trial court denied the motion.[4]

Bradshaw moved to delay distribution of the interpleaded funds and to supersede any distribution order pending the appeal and a final judgment in *Bradshaw II.* Initially, the trial court verbally ordered a $1,000,000 supersedeas bond, but the trial court later rendered an order reconsidering and denying a supersedeas bond. Bennis then filed a motion for summary judgment, in which he claimed ownership of the funds. He also contended that the appeal in *Bradshaw II* did not preclude distribution of the interpleaded funds and that Bradshaw's attempt to obtain the funds or supersede the interpleader action was, in effect, attempted prejudgment garnishment. CBC joined Bennis's motion.

While that motion was pending, Bradshaw filed a petition for writ of prohibition in this court seeking an order prohibiting the trial court from distributing the funds pending the outcome of *Bradshaw II*; we denied relief. *In re*

---

[4]The trial court also denied Bradshaw's motion to dismiss the interpleader action for want of jurisdiction.

3

*Bradshaw*, No. 02-11-00514-CV, 2012 WL 10865, at *1 (Tex. App.—Fort Worth Dec. 27, 2011, orig. proceeding) (mem. op.).

Bradshaw then filed a cross-claim in the interpleader action against Bennis and CBC seeking the interpleaded funds and claiming that she was entitled to 1/16 of the proceeds from final production under the lease between Steadfast and Range and that her entitlement predated and was superior to any interest of Bennis and CBC. The trial court granted summary judgment for Bennis and CBC; the order granting summary judgment also ordered that all interpleaded funds be released to them. The trial court later signed a final judgment incorporating the summary judgment order and also ordering that all future royalties be paid directly to Bennis and CBC. The appeal of *Bradshaw II* was still pending at this court when Bradshaw filed her notice of appeal in this case number.

We handed down an opinion in *Bradshaw II* on February 14, 2013. Although we reversed the trial court's summary judgment for Steadfast Financial, Range, and most of the royalty holders, we affirmed the judgment as to Bennis. *Bradshaw II*, 2013 WL 530969, at *26. In addition, we have affirmed the trial court's judgment in a separate interpleader action filed by Range, in which the trial court ordered past due royalties to be distributed to the other royalty holders sued in *Bradshaw II*. *See Bradshaw v. Sikes*, No. 02-11-00169-CV, 2013 WL 978782 (Tex. App.—Fort Worth March 14, 2013, no pet. h.) (mem. op.) (*Bradshaw III*).

## Issues on Appeal

In her first issue, Bradshaw contends that the trial court erred by denying her motion to dismiss and motion to abate because this court had exclusive jurisdiction over the interpleaded funds pending the appeal in *Bradshaw II*. In her second issue, she argues that even assuming the trial court had jurisdiction, it erred by granting final summary judgment and distributing the interpleaded funds to Bennis and CBC because Bennis's claim is barred by res judicata and, further, he did not establish his right to summary judgment as a matter of law. In her third issue, she claims that in addition to reversing the trial court's judgment, this court should order Bennis and CBC to return all of the disputed royalty proceeds received in accordance with the trial court's order.

## Jurisdiction

Bradshaw claims that the trial court's distribution of the interpleaded funds is inconsistent with the summary judgment in *Bradshaw II* because Bennis had sought entitlement to and possession of the royalty proceeds in that case and was denied relief. Bradshaw's arguments in this first issue are almost identical to the arguments that this court has already rejected in *Bradshaw III*. *Id.* at *3–4. Bradshaw ignores the nature of the judgment in *Bradshaw II*, which was a take-nothing judgment. Bennis did not file a cross or counterclaim in *Bradshaw II*; the affirmative claims to the royalties that Bradshaw refers to were made by Bennis in his motions for summary judgment and, thus, were not claims for affirmative relief. *See, e.g., Polansky v. Berenji*, No. 03-11-00592-CV, 2012 WL 6097314, at

5

*6 (Tex. App.—Austin Dec. 7, 2012, no pet.) (concluding that nonspecific request for attorney's fees in motion for summary judgment was not affirmative claim for attorney's fees); *Life Forms, Inc. v. Woodlands Operating Co.*, 304 S.W.3d 591, 603 (Tex. App.—Beaumont 2010, pet. denied) (holding that motion for summary judgment seeking only to avoid plaintiff's claim did not seek affirmative relief). Because Bennis was not seeking affirmative relief, the trial court did not reject Bennis's entitlement to the royalties in *Bradshaw II*; rather, it denied Bradshaw's claim for a constructive trust on those royalties. In other words, as we stated in *Bradshaw III*, "[w]hen the trial court granted the final take-nothing judgment against Bradshaw, incorporating its previous summary judgments for the Royalty Holders [including Bennis], it essentially put the parties back into their original positions at the litigation's outset." *Bradshaw III*, 2013 WL 978782, at *4. With respect to Bennis, that position was a royalty interest pursuant to a deed. Therefore, we conclude and hold that the trial court's judgment in the interpleader action is not inconsistent with its judgment for Bennis in *Bradshaw II*. *See id.* at *3–4.

Additionally, the trial court did not lack jurisdiction over the interpleader action because of the pending appeal in *Bradshaw II*. Bradshaw contends that the trial court lost plenary power over "the entire controversy," which includes "the disputed royalty proceeds," and that by granting the interpleader and distributing the proceeds, the trial court interfered with this court's jurisdiction. *See, e.g., Ex parte Travis*, 73 S.W.2d 487, 489 (Tex. 1934) (orig. proceeding)

6

(reciting "general rule" that once appeal has been perfected, trial court loses jurisdiction over matters that "trench upon the appellate functions"); *Atkins v. Snyder*, 597 S.W.2d 779, 782 (Tex. App.—Fort Worth 1980, orig. proceeding) (issuing writ of prohibition to prevent trial court's actions from destroying subject matter of appeal).

The subject of the appeal in *Bradshaw II* was whether the litigation against Range, Steadfast, and the royalty holders could proceed, not whether Bradshaw had conclusively proved her right to a constructive trust on the royalties or any other relief she had pled. *Bradshaw II*, 2013 WL 530969, at *5, *22, *24–25. The trial court's order granting the interpleader and subsequent judgment distributing the interpleaded funds did not interfere with or moot our consideration of *Bradshaw II*; in fact, we reversed part of the trial court's judgment and remanded the case for further proceedings. *See Northshore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787, 790 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding that, interpleader being a creature of equity, trial court could have ordered interpleaded funds erroneously awarded and distributed to Northshore to be returned to the registry of the court).[5] Moreover, we affirmed the summary

---

[5]Bradshaw recognizes this principle in her own brief and prays that this court order the distributed funds to be repaid into the trial court's registry. *But see AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 524 (Tex. App.—Fort Worth 2009, no pet.) (holding that *Northshore* does not stand for the proposition that a *court of appeals* may order a party to return funds to the trial court's registry).

judgment for Bennis. We therefore conclude and hold that the pending appeal in *Bradshaw II* did not deprive the trial court of jurisdiction over this case.

Bradshaw further claims that the trial court erred by refusing to abate the interpleader proceeding because she superseded the judgment in *Bradshaw II*. Bradshaw provided a bond for the costs awarded the defendants in the take-nothing judgment. The effect of a supersedeas bond is to suspend execution of judgment, so the judgment creditor can look only to the bond for satisfaction of the judgment. *Fairways Offshore Exploration, Inc. v. Patterson Servs., Inc.*, 355 S.W.3d 296, 299–300 (Tex. App.—Houston [1st Dist.] 2011, order). Only a judgment debtor may supersede a judgment. Tex. R. App. P. 24.1(a). A "judgment debtor" is a person obligated to pay a money judgment. Tex. Fin. Code Ann. § 301.002(a)(6) (West 2006); *GuideOne Lloyd's Ins. Co. v. First Baptist Church of Bedford*, 268 S.W.3d 822, 836 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g).

Bradshaw was indebted by the judgment in *Bradshaw II* only for costs; therefore, she properly superseded that part of the judgment. But the remainder of the judgment was that she take nothing by her claims; thus, there was nothing else she could supersede. *See Bradshaw III*, 2013 WL 978782, at *5 & n.12, *6 n.13; *In re City of Cresson*, 245 S.W.3d 72, 74 (Tex. App.—Fort Worth 2008, orig. proceeding) ("Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken."). Thus, the trial court was not prohibited from proceeding

8

with the interpleader action by the filing of the supersedeas bond in *Bradshaw II*. *See Bradshaw III*, 2013 WL 978782, at *5.

We overrule Bradshaw's first issue.

**Distribution of Interpleaded Funds**

In her second issue, Bradshaw contends that the trial court erred by granting Bennis's motion for summary judgment, in which they claimed they were entitled to the interpleaded funds as a matter of law, because their claims to the royalties are barred by res judicata. According to Bradshaw, entitlement to the royalties was already litigated in *Bradshaw II*, and the trial court denied Bennis and CBC's affirmative claims to the royalties. We have already rejected this argument. *See, supra*, at 5–6. For the reasons set forth in *Bradshaw III*, we likewise reject Bennis and CBC's argument that Bradshaw does not have standing to challenge the judgment in their favor. *Bradshaw III*, 2013 WL 978782, at *3.

Bradshaw further contends that Bennis and CBC did not establish their entitlement to summary judgment as a matter of law. She argues that she has never disputed that Bennis was granted a royalty interest in a deed from Steadfast but that "[t]his fact alone . . . fails to conclusively establish Bennis'[s] entitlement to the disputed proceeds from production under the subject oil and gas lease." She says that she raised a fact issue as to whether she was entitled to a constructive trust on the proceeds of the oil and gas lease; therefore, Bennis and CBC were not entitled to summary judgment.

9

After the trial court granted Range's interpleader petition, Bennis filed a motion for summary judgment seeking the interpleaded funds, which CBC joined. They proferred as evidence the royalty deeds from Steadfast to Bennis, the assignment from Bennis to CBC, and the take-nothing judgment for Bennis in *Bradshaw II.* Bradshaw proferred the same evidence she had previously proferred in response to the summary judgment motion in *Bradshaw II* and additional evidence showing that other contemporaneous oil and gas leases in the area had granted a 1/4 royalty.

The trial court had already resolved the constructive trust issue against Bradshaw. That an appeal was pending on that issue in *Bradshaw II* was not enough to raise a fact issue as to whether she was entitled to the royalty payments; Bradshaw's take-nothing judgment entitled her to nothing, and even its partial reversal on appeal entitles her to nothing until she is able to prove the claims on which she has presented some evidence.[6] *See id.* at *6. Accordingly, we conclude and hold that Bennis and CBC conclusively proved their entitlement to the interpleaded funds.

---

[6]Bradshaw is, in effect, seeking to prevent dissipation of any royalty payments pending trial; she has not yet obtained a trial court judgment in her favor. A plaintiff seeking to protect its right to a potential judgment typically must prove its entitlement to such relief via statute. *See Alliance Royalties, LLC v. Boothe*, 313 S.W.3d 493, 497 (Tex. App.—Dallas 2010, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 61.001 (attachment), 62.001 (sequestration), 63.001 (garnishment), 64.001 (receivership) (West 2008)). Bradshaw has not pled or proved her entitlement to any such statutory relief.

We overrule Bradshaw's second issue. Because her third issue is contingent on her first and second issues being sustained, we also overrule her third issue. *See* Tex. R. App. P. 47.1.

**Conclusion**

Having overruled Bradshaw's dispositive issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED: April 18, 2013